UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROSEMARY KORT,

                            Plaintiff,        **NOTICE OF REMOVAL**
                                                **Civil Action No.:**

   vs.

SPEEDWAY LLC,

                            Defendant.

---

PLEASE TAKE NOTICE, that defendant, Speedway LLC, ("Speedway"), by and through its attorneys, Sugarman Law Firm, LLP, hereby files this Notice of Removal seeking removal of this action from Supreme Court of the State of New York, County of Erie (Erie County Index No. 816007/2020) ("the State Court action") to the United States District Court, Western District of New York.

In support of the request for removal, Speedway, by and through its attorneys, respectfully states the following:

1.      Pursuant to 28 U.S.C. § 1446(a), attached hereto and made a part hereof as **Exhibit A** is an Index of all process, pleadings, and orders served in the State Court action. The documents listed in chronological order within the Index are also annexed individually and are as follows:

- Summons and Complaint, e-filed on December 16, 2020 (copies of which are attached as **Exhibit B**);
- Request for Judicial Intervention, e-filed on February 1, 2021 (a copy of which is attached as **Exhibit C**);
- Stipulation of Partial Discontinuance Amending Caption, discontinuing the action against defendant, Marathon Petroleum Corporation, and amending the caption, So Ordered by the Honorable Paul B. Wojtaszek, Justice of the Supreme Court, on February 26, 2021, e-filed on March 2, 2021 (a copy of which is attached as **Exhibit D**);
- Speedway's Answer, e-filed on March 2, 2021 (a copy of which is attached as **Exhibit E**);

- Speedway's Request for Supplemental Demand for Relief, served on March 2, 2021 (a copy of which is attached as **Exhibit F**); and
- Plaintiff's counsel's letter to Speedway's counsel, dated May 21, 2021, which contains plaintiff's response to "Demand for Supplemental Demand Relief", received by mail on May 24, 2021 (a copy of which is attached, minus the exhibits, as **Exhibit G**).

2. Upon information and belief, the foregoing constitutes all process, pleadings, and orders allegedly served upon the parties in this action. In addition to that, the following limited discovery has taken place: Speedway's Demand for Verified Bill of Particulars, Combined Discovery Demands, and Notice of Examination Before Trial were served on March 2, 2021; plaintiff's Verified Bill of Particulars, dated April 26, 2021, was received by regular mail on May 24, 2021; plaintiff's counsel responded to Speedway's Combined Discovery Demands by letter, dated May 21, 2021, which was received by regular mail on May 24, 2021 (*see* Exhibit G); and plaintiff's Demand for Verified Bill of Particulars, dated April 26, 2021, Notice for Discovery and Inspection, dated April 26, 2021, and Notice of Examination Before Trial, dated April 26, 2021, were received by regular mail on May 24, 2021.

3. The State Court action was commenced in the Supreme Court of the State of New York, Erie County, on December 16, 2020 by the electronic filing of a Summons and Complaint. *See* Exhibit B. The State Court action is a civil action wherein plaintiff alleges that she slipped and fell and was injured at the Speedway Convenience Store, located at 4169 North Buffalo Road, Orchard Park, New York. *See* Exhibit B.

4. Pursuant to New York Civil Practice Law and Rules § 3017(c), the monetary amount to which plaintiff deems herself entitled was not included in the Summons or Complaint. *See* Exhibit B.

5. On March 2, 2021, Speedway, by and through its attorneys, served upon plaintiff's counsel a Request for Supplemental Demand for Relief. *See* Exhibit F.

6. On May 24, 2021, Speedway's counsel office received a letter from plaintiff's counsel by regular mail, dated May 21, 2021, that contained plaintiff's response to Speedway's "Demand for Supplemental Demand Relief". *See* Exhibit G. Plaintiff deems herself entitled to $500,000, together with the costs and disbursements of the action. *See* Exhibit G.

7. This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction in that there exists diversity of citizenship between plaintiff and Speedway and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Accordingly, there exists jurisdiction in the District Court of the United States pursuant to 28 U.S.C. § 1332.

8. According to the Complaint, plaintiff is an individual residing in the Village of Orchard Park, County of Erie, State of New York. *See* Exhibit B.

9. Speedway is an active Limited Liability Company organized and existing under the laws of the State of Delaware and its principal place of business is in the State of Ohio. Speedway has as its sole member SEI Speedway Holdings, LLC, a Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas. SEI Speedway Holdings LLC has as its sole member 7-Eleven, Inc., a Texas Corporation, which is wholly owned by SEJ Asset Management & Investment Company, Inc. ("SEJAMI"), a Delaware corporation. SEJAMI is wholly-owned by Seven-Eleven Japan Co., Ltd. ("SEJ"), a Japanese corporation. SEJ is wholly owned by Seven & i Holdings Co., Ltd., a Japanese corporation, whose stock is publicly traded on the Tokyo Stock Exchange.

10. Under the provisions of 28 U.S.C. § 1441, the right exists to remove the civil action from the Supreme Court of the State of New York, County of Erie to the United States District Court for the Western District of New York, which embraces the place where it is pending.

11. The civil action involves a controversy between citizens of different States. Upon information and belief, plaintiff is, and was at the commencement of the State Court action, a resident of the State of New York. Thus, she has New York citizenship for diversity jurisdiction purposes. Speedway and its sole member, SEI Speedway Holdings, LLC, are Limited Liability Companies organized and existing under the laws of the State of Delaware with a principal place of business in the State of Texas. Further, SEI Speedway Holdings LLC's sole member, 7-Eleven, Inc., is a Texas Corporation that is wholly owned by SEJ Asset Management & Investment Company, Inc. ("SEJAMI"), a Delaware corporation. SEJAMI is wholly-owned by Seven-Eleven Japan Co., Ltd. ("SEJ"), a Japanese corporation. SEJ is wholly owned by Seven & i Holdings Co., Ltd., a Japanese corporation, whose stock is publicly traded on the Tokyo Stock Exchange. The citizenship of a limited liability company is determined by the citizenship of its members. *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S. Ct. 1015 (1990). Therefore, Speedway's citizenship for purposes of diversity jurisdiction is Delaware and/or Ohio and/or Texas.

12. Upon information and belief, the amount in controversy exceeds $75,000.00. Plaintiff's Summons and Complaint do not contain a monetary demand. *See* Exhibit B. However, the Complaint does state that plaintiff "was otherwise injured and damaged, all to her damage in a sum in excess of the jurisdictional limits of the lower courts of the State of New York." *See* Exhibit B. The Complaint also states that plaintiff "demands Judgment" "in an amount that exceeds the jurisdictional limits of all lower Courts[.]" *See* Exhibit B. Further, plaintiff's counsel's letter, dated May 21, 2021, received on May 24, 2021, contained plaintiff's response to Speedway's Request Supplemental Demand for Relief and advises that plaintiff deems herself entitled to $500,000, together with the costs and disbursements of this action. *See* Exhibit G. If the allegations contained in the Complaint are ultimately proven, all of which are expressly denied,

then a verdict in this matter could exceed $75,000.00. Therefore, the District Court has jurisdiction over this civil action.

13. In accordance with the requirements set forth in 28 U.S.C. § 1446, this Notice of Removal is being filed within thirty (30) days of receipt by Speedway of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *i.e.*, the letter from plaintiff's counsel, dated May 21, 2021, received on May 24, 2021, that contained plaintiff's response to Speedway's Request Supplemental Demand for Relief, which stated for the first time that plaintiff deems herself entitled to $500,000, together with the costs and disbursements of this action, satisfying the requirements for diversity jurisdiction. *See* 28 U.S.C. § 1446(b)(3); 28 U.S.C. § 1332; Exhibits B & G.

14. By reason of all of the foregoing, Speedway desires and is entitled to have the civil action removed from the Supreme Court of the State of New York, County of Erie to the United States District Court for the Western District of New York, which encompasses the venue where the State Court action is pending.

15. A copy of this Notice of Removal is being served upon plaintiff and filed with the Erie County Clerk, as required by 28 U.S.C. § 1446(d), and proof of said filing will be transmitted to this Court once effectuated.

WHEREFORE, Speedway respectfully requests that the civil action pending against it in the Supreme Court of the State of New York, County of Erie be removed and proceed in this Court as an action properly removed to it, along with such other, further and different relief as is just and proper.

Dated:  June 7, 2021

*Brittany L Ha* (signature)

———————————————————
Brittany L. Hannah, Esq.
**SUGARMAN LAW FIRM, LLP**
*Attorneys for Speedway LLC*
Office and Post Office Address
211 W. Jefferson Street
Syracuse, New York  13202
Telephone:  (315) 474-2943
*bhannah@sugarmanlaw.com*

TO:

Duane D. Schoonmaker, Esq.
**WILLIAM MATTAR, P.C.**
*Attorneys for Plaintiff*
Office and Post Office Address
6720 Main Street, Suite 100
Williamsville, New York 14221-5986
Telephone:  (716) 633-3535
*dschoonmaker@williammattar.com*