


# NYSCEF - Erie County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 03/02/2021 12:55 PM. Please keep this notice as a confirmation of this filing.

**816007/2020**
**ROSEMARY KORT v. SPEEDWAY LLC**
**Assigned Judge: Paul B. Wojtaszek**

## Documents Received on   03/02/2021 12:55 PM

| Doc # | Document Type |
|---|---|
| 9 | ANSWER |

## Filing User

Brittany Lee Hannah | bhannah@sugarmanlaw.com
211 W Jefferson St Ste 20, Syracuse, NY 13202

## E-mail Notifications

An email regarding this filing has been sent to the following on 03/02/2021 12:55 PM:

  **Brittany L. Hannah - bhannah@sugarmanlaw.com**
  **DUANE D. SCHOONMAKER - dschoonmaker@williammattar.com**

---

**Michael P. Kearns, Erie County Clerk**
Website: http://www.erie.gov/clerk

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
==========================================

ROSEMARY KORT,

                      Plaintiff                   **ANSWER**

            vs.                           Index No. 816007/2020
                                                      JUDGE: Wojtaszek

SPEEDWAY LLC,

                      Defendant

==========================================

       Defendant, Speedway LLC, by Sugarman Law Firm, LLP, answering the Complaint of plaintiff, alleges as follows:

       1.      ADMITS the allegations contained in paragraphs "3", "4", "6", "7", "9", "11", "13", and "15".

       2.      DENIES knowledge and information sufficient to form a belief as to the allegations contained in paragraph "1".

       3.      DENIES the allegations contained in paragraphs "2", "5", "8", "10", "12", "14", "16", "17", "18", "19", "20", "21", "22", "24", "25", "27", and "28".

       4.      DENIES each and every other allegation not hereinbefore specifically admitted, controverted or denied.

       5.      With respect to paragraphs "23" and "26", defendant repeats, reiterates, and realleges each and every admission and denial heretofore made with the same force and effect as if more fully set forth herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

6. That whatever injuries and damages plaintiff sustained were caused or were contributed to by the culpable conduct of plaintiff and plaintiff's damages, if any, shall be diminished in the proportion of the culpable conduct attributable to plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

7. That plaintiff assumed risks which caused or contributed to plaintiff's injuries and damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

8. That the accident and injuries complained of in plaintiff's Complaint were caused or brought about by the negligence of a third person or persons over whom the defendant herein had no control and for whose acts this defendant is in no way responsible.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

9. In the event plaintiff has judgment against defendant, defendant is entitled to set-off or reduction of any damage award, liability for which is expressly denied, for amounts received from any collateral sources as defined by CPLR § 4545, including but not limited to, insurance, Social Security, Workers' Compensation, or employee benefit programs.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

10. Plaintiff has failed to take all reasonable and necessary steps to mitigate her damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

11. That defendant's liability is limited according to Article 16 of the CPLR.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

12. That the causes of action in Complaint are barred by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

13. That the Complaint fails to state a cause of action upon which relief may be properly granted.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

14. That the Court has no jurisdiction of the person of the defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

15. That the Court has no subject matter jurisdiction of the matters set forth in the Complaint.

WHEREFORE, defendant demands judgment dismissing the Complaint or, alternatively, that any recovery be reduced according to the plaintiff's degree of culpability, together with the costs and disbursements of this action.

DATED: March 2, 2021

_____
Brittany L. Hannah, Esq.
**SUGARMAN LAW FIRM, LLP**
*Attorneys for Speedway LLC*
Office and Post Office Address
211 W. Jefferson Street
Syracuse, New York 13202
Telephone: (315) 474-2943
bhannah@sugarmanlaw.com

TO: Duane D. Schoonmaker, Esq.
**WILLIAM MATTAR, P.C.**
*Attorneys for Plaintiff*
Office and Post Office Address
6720 Main Street – Suite 100
Williamsville, New York 14221
Telephone: (716) 633-3535
dschoonmaker@williammattar.com